|   |   |
|---|---|
| DEVONTE B. HARRIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>E. MUNOZ and J. CERDA,<br><br>                    Defendants. | Case No.  1:21-CV-01372-JLT-HBK(PC)<br><br>DISCOVERY AND SCHEDULING ORDER<br><br>Deadline for Exhaustion-Based Motion: **11/21/23**<br>Deadline to Amend Pleadings:                  **02/21/24**<br>Deadline to Complete Discovery:              **05/21/24**<br>Deadline for Dispositive Motion(s):           **08/21/24** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On August 21, 2023, the Court granted Defendants' request to opt out of early ADR. (Doc. No. 34). Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-37, the Court sets forth the following case management deadlines and discovery procedures for this case as follows:

**I. Written Discovery:**

Discovery requests shall be served by the parties in compliance with Rule 5 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and Eastern District of California Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Eastern District California Local Rules 250.2, 250.3 and 250.4. Absent leave of Court, discovery is limited as follows:

The parties are **limited to 15 interrogatories** under Fed. R. Civ. P. 33;

The parties are **limited to 15 requests for admission** under Fed. R. Civ. P. 36;

The parties are **limited to 15 requests to produce** under Fed. R. Civ. P. 34.

Responses to documents shall include all documents within a party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007).

Responses to written discovery including the production of documents shall be due within forty-five (45) days after the request is served. Boilerplate objections are disfavored and may be summarily overruled by the Court. All discovery must be completed by the above-referenced discovery cut-off date.

The parties are required to act in good faith during discovery and are required to meet and confer, via correspondence or telephonically, to resolve any discovery dispute. The failure to do so may result in the imposition of sanctions, if appropriate. **Any motions to compel must be filed no later than fourteen (14) days of the discovery cut-off date. Failure to timely file a motion to compel will result in a waiver of any objections. The moving party must include certification that they have complied with their duty to meet and confer. The failure to include a certification will result in the motion being stricken.**

**II.  Depositions**

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendants serve all parties with the notice required by Rule 30(b)(1). Pursuant to Fed. R, Civ. P. 30(b)(4), the parties may take any deposition under this section by video conference, relieving the court reporter of the requirement to be in the physical presence of the witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Fed. R. Civ. P. 26(c)(1) if deemed necessary.

Disagreement with any directive of security staff at the institution or prison at which the deposition is scheduled is not a basis for the Plaintiff to refuse to answer questions, and the failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions, including terminating the action as provided in Fed. R. Civ. P. 37.

**III. Case Management Deadlines**

The following deadlines shall govern this action:

A. Deadline to challenge exhaustion of administrative remedies: November 21, 2023.

B. Deadline to amend pleadings: February 21, 2024.[1]

C. Deadline to complete non-expert discovery: May 21, 2024. Any motions to compel must be filed within fourteen (14) days from this discovery cut-off date.

D. Deadline to file pre-trial dispositive motions: August 21, 2024.

E. In addition to complying with the applicable rules, a motion and incorporated memorandum and any responses in opposition shall not exceed twenty-five (25) pages in length, exclusive of exhibits. A reply shall not exceed seven (7) pages in length. A party must move and show good cause for exceeding these page limitations. Any motions filed in excess of these page limitations may be struck.

F. Defendants shall lodge a Word version of any dispositive motion to chambers at: hbkorders@caed.uscourts.gov.

Any requests for an extension to any deadline set in this Discovery and Scheduling Order must be filed at least seven (7) days prior to its expiration. The deadlines set forth above are firm and will only be extended upon a showing of good cause. Eleventh hours motions, *i.e.*, motions filed on the eve of the deadline expiration, to extend a deadline will only be granted upon a showing of extraordinary circumstances.

Dated:   August 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] This date does not permit any party to unilaterally file an amended pleading. Any amendments to the pleadings must comply with all applicable Federal Rules of Civil Procedure (*i.e.*, Rule 15) and Local Rules (*i.e.*, Local Rule 220).

3